OPINION OF THE COURT
Stephen J. Mignano, J.
This is defendant’s motion to dismiss the claim for lack of jurisdiction. According to defendant’s papers, claimant served a notice of intention to file a claim on August 16, 2004, followed up by service of the instant claim on November 14, 2005. Defendant’s answer, served on December 19, 2005, alleged that the court lacked jurisdiction because the notice of intention was served more than 90 days following accrual of the claim.
The claim is based on claimant’s contention that on May 15, 2004, while he was an inmate at Shawangunk Correctional Facility working in the kitchen, he tripped over a metal pipe protruding from the floor and broke his thumb. Claimant alleges that defendant’s employees were negligent “in failing to foresee the danger of having a pipe protruding from the floor in an area where inmates are assigned to work” and also that the medical staff at the facility were “negligent and indifferent to [his] medical needs when treating [his injured] thumb” (claim 11 2). Specifically, he alleges that he did not see a doctor until May 25, 2004, at which point X rays were ordered. The X rays showed that claimant had a fractured thumb, and a cast was eventually applied on June 1, 2004.
Despite asserting the jurisdictional defense in its answer, defendant chose not to move to dismiss the claim. Three years and 10 days subsequent to the accrual of claimant’s negligence cause of action (see CPLR 214 [5]; Court of Claims Act § 10 [6]), defendant had a change of heart and the instant motion papers were served and filed.
In support of the motion, defense counsel asserts that the notice of intention was served more than 90 days following accrual of the claim (specifically, on the 93rd day) and that, since the jurisdictional requirements of the Court of Claims Act must be strictly construed (specifically, Court of Claims Act § 10 [3], requiring service of a claim or notice of intention within 90 days following accrual), the claim must be dismissed.
*486 In opposition, claimant points out that defendant completely ignores the existence of his second cause of action alleging indifference to his medical needs and a failure to provide appropriate medical services until May 25, 2004. He notes that since the notice of intention was served well within 90 days from that date, there is no issue of timeliness with respect to that cause of action. Defendant did not submit reply papers and did not respond to claimant’s contention in this regard which is, in any event, clearly correct. Thus, the motion must be denied with respect to the second cause of action.
Regarding the negligence cause of action, claimant maintains that he deposited his notice of intention in the facility’s mailbox, in Ulster County, on Tuesday, August 10, 2004 and points out it was postmarked on Wednesday, August 11. He notes that if it had been received in the Attorney General’s office on Friday, August 13, it would have been timely and he questions the assertion that it was not received in the office until five days after it was mailed, given the proximity of Ulster County to Albany. He asserts that it was likely received on Friday, August 13, but not date stamped until the following Monday.
As noted, defendant did not submit reply papers. The sole ground for the requested dismissal of the claim is a photocopy of the notice of intention and its envelope, date stamped August 16, 2004. While the court does not agree with claimant that there is “no way” it could have taken the United States Postal Service five days to deliver a piece of mail from Ulster County to Albany, in view of claimant’s specific allegations, it would seem incumbent on defendant to produce some probative evidence — e.g., an affidavit from someone with knowledge of when this notice of intention was served, or at least with knowledge of the prevailing mailroom procedures in the Attorney General’s office in Albany in August 2004 — in support of its request to dismiss the claim. Since relief pursuant to section 10 (6) is now foreclosed, the date of delivery (i.e., the 90th day versus the 93rd day following accrual) is crucial. Under these circumstances, simply submitting a copy of a rubber stamp as an exhibit to an affirmation that was misleading and incorrect in other aspects (the mistaken assertion that the court allegedly lacked jurisdiction over the claim, rather than over only one portion of the claim) does not suffice.
Accordingly, the motion is denied in all respects, without prejudice with respect to the negligence cause of action. Defendant *487 may renew its request to dismiss the negligence cause of action for lack of jurisdiction arising from alleged untimely service of the notice of intention, upon a proper evidentiary predicate, at trial.